SHERWOOD, appellant *v.* READE, respondent, 7 Hill 431.

In Ch. 8 Paige, 633.

*Mortgage to, and Authority of Loan Commissioners to Sell.*

THE act authorizing the loan of certain monies belonging to the United States, deposited with the state of New York, passed April 4, 1837, authorizes the commissioners to be appointed under it to advertise and sell premises mortgaged to them, in certain cases, and after certain publications of the notice of sale, &c., at the day and place of sale.

The sale in this case was advertised according to the act, for the 1st *Tuesday of February*, '43, and the premises were struck off to the highest bidder, who was required forthwith to comply with the terms of sale by paying to the commissioners then present, the 14 per cent. according to the conditions of sale. He failing to do so, the commissioners on the same day resold the premises, under the notice of sale already advertised.

The owner of the equity of redemption, the appellant, insisted that this neglect of the first purchaser gave him a farther time to redeem under the provisions of the statute, and that the commissioners had no right to put up the property a second time. He accordingly filed his bill in this cause

against the purchaser and the commissioners to restrain the giving of a conveyance pursuant to the terms of sale. The Vice Chancellor refused, after the coming in of the answer, to dissolve the injunction; but the Chancellor dissolved it, *reversing* the order with costs.

The Court of Errors, however, held that the statute having provided that if the purchaser "should not pay for the same, *then and in every such case*, the commissioners shall enter into and take possession of, and let the same until the 3d Tuesday of September, then next, and then sell, &c.;" the statute authority must be strictly pursued, and that on this ground the re-sale was void. They also held, that the terms of sale prescribed by the commissioners, (14 per cent. cash, and 6 per cent. credit,) were not authorized by the statute, which contemplates a *sale for cash* only, and that this departure from the statute also avoided this sale.

Decree of the Chancellor *reversed*, 20 to 1.